IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAUL NEWTON | § | |
| | § | |
| V. | § | A-13-CA-943 SS |
| | § | |
| MICHAEL PEARCE, WARDEN, | § | |
| FCI BASTROP | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

Before the Court are Paul Newton's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. # 1), and his Amended Petition for Writ of Habeas Corpus (Dkt. # 2), filed on November 13, 2013. The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

On January 31, 2003, in the Southern District of Indiana Petitioner Paul Newton ("Newton") pled guilty pursuant to a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On January 31, 2003, he was sentenced to a 15-year term of imprisonment. ( Newton's sentence was enhanced based on a determination that he was an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e)).

Although Newton did not appeal his sentence, he filed a motion to vacate the sentence under 28 U.S.C. § 2255 on October 2, 2003, which the sentencing court denied on the merits. See Dkt. # 9 in 1:03-CV-1450-LJM. Since then, Newton has filed numerous unsuccessful requests with the

Seventh Circuit for authorization to file a successive collateral attack, pursuant to § 2244(b)(3)(A). See Order, No. 13-1035 (7th Cir. May 13, 2013) (affirming district court's order re-characterizing submission as a § 2255 motion to vacate and noting that Newton had filed six unsuccessful requests to file a successive § 2255 motion). On March 13, 2007, the Seventh Circuit sanctioned Newton for filing frivolous submissions and barred Newton from filing any more successive § 2255 motions, but the filing bar was later lifted. See *Id.* Newton has continued to file numerous motions which are in substance § 2255 motions, which the Sentencing Court has dismissed as unauthorized, successive collateral attacks. See 1:02-CR-121-LJM. In December 2012, Newton filed an untitled motion in his criminal proceeding arguing that his sentence should not have been enhanced based on a determination that he is an Armed Career Criminal under 18 U.S.C. § 924(e). The Sentencing Court determined that the motion is actually a § 2255 motion, and ordered that it be re-docketed in a newly opened civil proceeding. Newton objected to the re-characterization of his motion, but the Seventh Circuit affirmed and warned him that "continuing to pursue foreclosed claims or filing frivolous papers could result in a fine and reinstatement of the filing bar." See Order, No. 13-1035 (7th Cir. May 13, 2013). On November 12, 2013, the Sentencing Court dismissed the § 2255 Motion for lack of jurisdiction since Newton failed to get permission from the Seventh Circuit to file a successive petition as is required under 28 U.S.C. § 2244(b). See 1:13-CV-1208-LJM (Dkt. # 6).

In addition to filing a plethora of § 2255 motions in the Southern District of Indiana, Newton has also filed multiple Petitions for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Western District of Texas, where Newton is presently incarcerated. Newton filed his first § 2241 Petition on May 28, 2010, alleging (1) ineffective assistance of counsel, (1) improper classification as an Armed Career Criminal under 18 U.S.C. § 924(e), (3) improper application of the savings clause, and that (4) a constitutionally invalid plea. See A-10-CV-377 SS (Dkt. # 1). The undersigned issued a

Report and Recommendation on July 1, 2010, recommending that the district judge dismiss the petition for lack of jurisdiction because Newton's claims were outside the scope of a § 2241 and he had failed to meet the "savings clause" contained in § 2255. See Dkt. # 4. On May 31, 2011, the district judge adopted the Report and Recommendation and dismissed Newton's § 2241 Petition. See Dkt. # 7. Less than one month later, Newton filed another § 2241 Petition, again arguing that he should not have been classified as an armed career criminal under § 924(e). See A-11-CV-580 SS (Dkt. # 1). Again, the Court recommended that it be dismissed for lack of jurisdiction after finding that Newton's claims were outside the scope of § 2241 and that he had once again failed to meet the savings clause provision. See Dkt. # 6. On June 18, 2012, the district judge adopted this recommendation and dismissed Newton's § 2241 for lack of jurisdiction. See Dkt. # 14. The District Court also warned Newton "that filing any further federal lawsuits on these issues may result in sanctions, including a bar on filing new petitions under 28 U.S.C. § 2241, without prior court approval." See Order at p. 6. The Fifth Circuit affirmed the dismissal of Newton's §2241. See Dkt. # 21.

On October 23, 2013, Newton filed his third Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, once again arguing that he is actually innocent of being an armed career criminal under § 924(e).

## II. ANALYSIS

In the instant § 2241 Petition, Newton again argues that he is actually innocent of being an armed career criminal under § 924(e). Because Newton is attacking errors that occurred at or prior to his sentencing, his claims are outside the scope of a § 2241 petition. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). In contrast, § 2241 is used by prisoners to attack the manner

in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452. This Court lacks jurisdiction to construe the instant petition as a § 2255 petition, however, because a § 2255 motion must be filed in the court in which the petitioner was convicted and sentenced, which in this case would be the United States District Court for the Southern District of Indiana. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a §2255 motion, where prisoner was sentenced in a different district).

The Court may nevertheless address Newton's claims through the so called "savings clause" provision of § 2255 if Newton can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Benson*, 511 F.3d at 487. A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. The petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452.

Newton has failed to demonstrate that § 2255 provides him with an inadequate or ineffective remedy because he has not established that his claims are based on a retroactively applicable

Supreme Court decision establishing that he was convicted of a nonexistent offense. As Newton did in his last § 2241 proceeding,[1] he argues that the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), shows that he is actually innocent of his sentence under the Armed Career Criminal Act. The District Court specifically rejected this argument in Newton's last § 2241 Petition. See Order at p. 4, in A-11-CV-530 SS (Dkt. # 14). Similarly, the Fifth Circuit has also rejected such a claim. See *Dorsey v. Tamez*, 465 F. App'x 372 (5th Cir. 2012) (rejecting petitioner's claim that he was actually innocent of being an armed career criminal in light of *Begay*). "[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus not the type of claim that warrants review under § 2241." *Id.* at 372.

In support of his claim that he is not an armed career criminal under the statute, Newton also relies on the more recent Supreme Court opinion in *Descamps v. United States*, 133 S.Ct. 2276 (2013). The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying *Descamps* retroactively to cases on collateral review. *See Randolph v. United States*, 2013 WL 5960881, at * 1(D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686, at * 11 (N.D. Ala. Oct. 16, 2013) (noting that the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, 2013 WL 4502302, at * 8 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause). The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Accordingly,

---

[1]See Objection to Report and Recommendation in A-11-CV-530 SS (Dkt. # 10).

Newton has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e). The Court also finds that this case is duplicative (with the exception of his reliance on *Descamps*) of his previous two § 2241 Petitions. Based upon the foregoing, this case should be dismissed.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Paul Newton's Petition and Amended Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. # 1 & 5) for lack of jurisdiction. The Court **FURTHER RECOMMENDS** that the District Court **WARN** Paul Newton again that continuing to file frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this Court.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE